UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Plaintiff,

                                        Case No. 06-12010
v.                                        Hon. Lawrence P. Zatkoff

THOMAS BELL,

    Defendant.

_____/

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to vacate [dkt 49] the Court's January 15, 2009, order [dkt 44] denying Plaintiff's renewed motion for summary judgment [dkt 41]. In this motion, Plaintiff also requests that the undersigned disqualify himself from this case. For the following reasons, Plaintiff's motion to vacate is DENIED, and Plaintiff's request for recusal is DENIED.

**A. Plaintiff's Motion to Vacate**

In its January 15, 2009, order, the Court construed Plaintiff's renewed motion for summary judgment as a motion to reconsider its September 26, 2008, order [dkt 37] striking Plaintiff's premature motions for summary judgment [dkts 7, 8]. The Court then denied Plaintiff's motion as untimely filed.

Plaintiff posits that the Court erred in construing his motion as one for reconsideration. Rather, Plaintiff maintains that his motion should more properly have been construed as one arising under Fed. R. Civ. P. 59(e) or 60(b). However, those subsections regulate motions to reconsider or amend *final judgments*.

Rule 59(e) provides that "[a] motion to alter to amend a judgment must be filed no later than

10 days after the entry of the judgment." Plaintiff filed his motion outside of the 10-day time limit, so the Court must turn to Rule 60(b). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative *from a final judgment, order, or proceeding* . . . ." (emphasis added). The Court's September 26, 2008, order was not a final judgment or order; hence, Rule 60(b) is inapplicable.

Therefore, the Court's disposition based on E.D. Mich. L.R. 7.1(g)(1) was proper. *See Cowan v. Stovall*, No. 06-cv-13846, 2008 WL 2795920 (E.D. Mich. July 18, 2008). Accordingly, the Court denies Plaintiff's motion to vacate.

**B. Plaintiff's Request for Recusal**

Plaintiff also requests that the undersigned disqualify himself. The applicable statute, 28 U.S.C. § 455(a), states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge must recuse himself "if a reasonable, objective person, knowing all the circumstances, would have questioned [his] impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). "[I]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice must be *personal* or *extrajudicial*." *EBI-Detroit, Inc. v City of Detroit*, 279 Fed. Appx. 340, 354 (6th Cir. 2008) (citing *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005)) (emphasis in original). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003).

Plaintiff argues that the Court's adverse decisions evince its "manifest personal interest" in the outcome of this case. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves . . . they cannot possibly show reliance on an extrajudicial

source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). *See also United States v. Grinnell Corp.*, 384 U.S. 563 (1966). Thus, Plaintiff's displeasure with the Court's rulings is not a proper ground for disqualification, as Plaintiff has made no showing that this is the "rarest circumstance[]" envisioned by *Liteky*. *See* 510 U.S. at 555-56.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to vacate [dkt 49] is DENIED and Plaintiff's request for recusal is DENIED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: February 26, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 26, 2009.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290