**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GODFREY CADOGAN,

    Plaintiff,

v.                                         Case No. 06-12010
                                           Hon. Lawrence P. Zatkoff

ERVIN BELL et al.,

    Defendants.
                              /

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed his complaint alleging violations of 42 U.S.C. § 1983 and requesting various forms of declaratory relief [dkt 1]. The matter is currently before the Court on Magistrate Judge Morgan's Report and Recommendation [dkt 46], in which the Magistrate Judge recommends that the Court (1) deny Plaintiff's motion for partial summary judgment; (2) grant Defendants' motion for summary judgment; and (3) dismiss the case. Plaintiff timely filed objections to the Report and Recommendation, and the Court reviews those portions of the Report and Recommendation *de novo* pursuant to 28 U.S.C. § 636(b)(1). The Court has thoroughly reviewed the court file, the Report and Recommendation, and Plaintiff's objections. As a result of that review, the Court ADOPTS the Report and Recommendation and enters it as the findings and conclusions of this Court.

Plaintiff filed two motions for summary judgment before Defendants were served with notice of this lawsuit [dkts 7, 8]. The Court ordered these motions stricken as premature but indicated that Plaintiff's later request to incorporate these arguments would be honored. Specifically, the earlier motions supported Plaintiff's request for a declaration that his previously-dismissed habeas corpus claim had been properly exhausted in the state courts.

Plaintiff has previously filed two petitions for writ of habeas corpus in this court, and each petition was dismissed due to Plaintiff's failure to exhaust state-court remedies. *See Cadogan v. Renico*, Case No. 04-71761 [dkt 63] (E.D. Mich.) (Steeh, J.); *Cadogan v. Libolt*, Case No. 99-76115 [dkt 41] (E.D. Mich.) (Freidman, J.). The law-of-the-case doctrine does not permit the Court to disturb these decisions in the absence of "exceptional circumstances." *Cone v. Bell*, 492 F.3d 743, 750 (6th Cir. 2007). Examples of exceptional circumstances include newly discovered evidence, a change in controlling law, or a finding that the prior decision was clearly erroneous. *See Hanover Ins. Co. v. Amer. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997).

Plaintiff argues that changes in case law support a finding that he has exhausted his state-court remedies, citing *Daniels v. Lafler*, 192 Fed. Appx. 408 (6th Cir. 2006), *Dando v. Yukins*, 461 F.3d 791 (6th Cir. 2006), and *United States v. Brooks*, 221 Fed. Appx. 585 (9th Cir. 2007). These cases do not represent a change in controlling law; instead, they apply established principles of exhaustion requirements. As exceptional circumstances do not exist, this Court will not disturb the court's prior decisions on Plaintiff's habeas corpus claim.

The Court has independently reviewed the record as it pertains to Plaintiff's remaining objections and finds that these objections are without merit.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment [dkt 23] is DENIED; that Defendants' motion for summary judgment [dkt 21] is GRANTED; and that the case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 5, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 5, 2009.

S/Marie E. Verlinde  
Case Manager  
(810) 984-3290