UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Plaintiff,

v.                                                            Case No. 06-12010
                                                             Hon. Lawrence P. Zatkoff

ERVIN BELL et al.,

    Defendants.
_____/

## **ORDER**

This matter is before the Court on Plaintiff's motion to modify magistrate order [dkt 53] and motion for judgment [dkt 54]. For the following reasons, Plaintiff's motions are denied.

Plaintiff filed this case alleging both civil rights and habeas claims. On March 5, 2009, the Court issued an order adopting Magistrate Judge Morgan's Report and Recommendation and dismissing Plaintiff's claims.

In Plaintiff's motion to modify magistrate order, which was filed prior to the Court's order of dismissal, Plaintiff seeks to correct the mislabeling of one of his submissions as a responsive pleading rather than an appendix. Additionally, Plaintiff challenges whether Defendant Jan Trombley was served, and whether the Magistrate Judge properly considered his habeas claims. Plaintiff's claims are without merit.

Regardless of nomenclature, Magistrate Judge Morgan considered all of Plaintiff's submitted materials in her Report and Recommendation, including the document in question. *See* Magistrate Judge Morgan's 2/5/09 Order [dkt 50] ("[W]hile Plaintiff did not resubmit his proposed appendix prior to that report and recommendation, the Court considered it to the extent it was

relevant."). Further, while the record belies Plaintiff's claims regarding service on Defendant Trombley, the recommendation to dismiss Defendant Trombley was based on the merits of Plaintiff's allegations and not on a defect in service. Finally, to the extent that Plaintiff believes the Magistrate Judge did not adequately address his habeas claims, those claims were reviewed in the Court's subsequent order of dismissal.

The Court likewise finds no merit to Plaintiff's motion for judgment, which the Court construes as a motion for reconsideration, despite Plaintiff's strenuous objections to the Court's previous designation of such motions. The crux of Plaintiff's motion is that the Court misapplied the law-of-the-case doctrine in declining to rule on Plaintiff's habeas claims. Per usual, Plaintiff's cited cases are either irrelevant or badly misconstrued. For example, Plaintiff cites *Guillermety v. Sec. of Educ. of U.S.*, 241 F. Supp. 2d 727 (E.D. Mich. 2002) (Borman, J.), in support of the proposition that the law-of-the-case doctrine cannot be properly invoked on motions for summary judgment. The *Guillermety* court, however, held that, due to the differing standards of proof required, the doctrine was inapplicable to summary judgment issues that had previously been decided on a preliminary injunction motion. *Id.* at 732. In the present case, the issue before the Court was whether Plaintiff had properly exhausted his administrative remedies for his habeas claims. This is the exact same issue, with the exact same standard of proof, as Plaintiff has presented to this court in at least two other instances. *See Cadogan v. Renico*, Case No. 04-71761 (E.D. Mich. filed May 10, 2004) (Steeh, J.); *Cadogan v. Libolt*, Case No. 99-76115 (E.D. Mich. filed Dec. 23, 1999) (Friedman, J.)

It is true that the law-of-the-case doctrine "is inapplicable outside the confines of the same lawsuit." *Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). While this action has a

separate case number than Plaintiff's previous habeas filings, Plaintiff has restated exactly the same issues, rather than attempting to comply with the court's previous orders. The fact that Plaintiff included § 1983 claims in this specific lawsuit does not change the nature of Plaintiff's habeas claims. This court has previously held that Plaintiff did not exhaust his administrative remedies before filing his habeas petition. *See Libolt*, Case No. 99-76115 [dkt 41] (order dismissing habeas petition). It subsequently held that review of that decision is barred by the law-of-the-case doctrine. *See Renico*, Case No. 04-71761 [dkt 63] (order dismissing habeas petition). In essence, Plaintiff is asking this Court to overrule the conclusions reached by Judge Friedman and Judge Steeh. Simply put, such review is properly conducted by the Court of Appeals, rather than this Court.

In sum, Plaintiff's disagreements with the Court's ruling "merely present the same issues ruled upon by the court" rather than reveal "a palpable defect . . .[whose correction] will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(3). Thus, Plaintiff's motion for reconsideration is without merit.

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to modify magistrate order [dkt 53] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for judgment [dkt 54] is DENIED.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: April 27, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 27, 2009.

                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290